**FILED**

**NOT FOR PUBLICATION**

FEB 26 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS LLOYD-BUTLER; et al., | No. 05-15415 |
| Plaintiffs - Appellants, | D.C. No. CV-03-00423-BMK |
| v. | |
| MARY WORRALL ASSOCIATES, INC., a Hawaii corporation; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted February 16, 2007
San Francisco, California

Before: RYMER and SILVERMAN, Circuit Judges, and REED,** District Judge.

Plaintiffs Thomas and Diane Lloyd-Butler appeal the grant of summary judgment in favor of defendants Mary Worrall and her corporation. They also appeal the denial of their motion for partial summary judgment. We agree with the

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*   The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

Lloyd-Butlers that their motion for partial summary judgment should have been granted as to their claim for professional negligence; the defendants' motion for summary judgment on that claim should have been denied.[1] We reverse and remand for a trial on damages.

The Lloyd-Butlers' point is that Worrall's negligence in drafting an ambiguous financing contingency term of a real estate contract exposed them to a costly breach of contract lawsuit, regardless of whether they ultimately would have won the suit. Because the Hawaii courts have not spoken to this issue, our task is to try to predict how the Hawaii Supreme Court would rule, and we may look to the well-reasoned decisions of other jurisdictions. *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 944 (9th Cir. 2004).

The district court concluded that the contract was ambiguous with respect to the financing contingency term. We agree. The district court also held that because extrinsic evidence established that a contingency term was, indeed, included in the contract, Worrall had breached no duty. It is with that conclusion that we respectfully disagree. The Lloyd-Butlers established that Worrall, using pre-printed forms, should have checked the box that unambiguously would have included a standard financing contingency provision in the contract. Worrall admitted that the

---

[1] We affirm the district court's dismissal of the Lloyd-Butlers' other claims.

2

box was left unchecked by oversight. That oversight exposed the Lloyd-Butlers to a lawsuit; it enabled the seller to claim that the contract did not contain the contingency and, therefore, that the Lloyd-Butlers breached the contract.

The question before us is one of tort law, not one of contract interpretation. As we see it, the issue is not whether the contingency can be teased out of hand-written interlineations with the aid of extrinsic evidence developed in the course of a lawsuit, but whether Worrall performed her duty as a realtor within the standard of care. *See Estate of Campbell v. Chaney*, 169 Wis.2d 399, 485 N.W.2d 421 (Ct.App. 1992); *Gustavson v. O'Brien*, 87 Wis.2d 193, 199, 247 N.W. 2d 627 (Ct.App 1989); *Sindell v. Gibson, Dunn & Crutcher*, 54 Cal.App.4th 1457, 63 Cal.Rptr. 594 (1997). The evidence shows that she did not. Even though, at the end of the day, parol evidence showed the existence of a financing contingency,[2] that fact bears only on the Lloyd-Butlers' damages – i.e, whether it was reasonable for them to settle the seller's lawsuit for as much as they did. It does not negate Worrall's tort duty as their realtor to avoid negligently exposing them to litigation and litigation expense by an error or omission in drafting.

Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED.**

---

[2] For that reason, the Lloyd-Butlers' claim for breach of oral contract fails.

**FILED**

FEB 26 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

No. 05-15415

*Thomas Lloyd-Butler v. Mary Worrall Associates, Inc.*

I would affirm. The Lloyd-Butlers' central argument on appeal (not articulated in the district court) is that Worrall's failure to check Paragraph C-24, and replacing her handwritten language in the DROA with different text, increased their risk of litigation. There is no Hawaii authority embracing any such theory, and I think it unlikely that the Hawaii Supreme Court would do so absent negligence. No other court, including those upon whom my colleagues rely, has done so.

Beyond this, in my view, the DROA and Counter Offer unambiguously created a financing contingency. Worrall's handwritten language in Paragraph C-1 clearly and plainly made the cash component of the offer subject to the Lloyd-Butlers obtaining a new mortgage acceptable to them. Indeed, the Lloyd-Butlers and the seller's broker all testified that Paragraph C-1 created the desired financing contingency. While checking off Paragraph C-24 might *also* have created a contingency, the contingency that the Lloyd-Butlers wanted was provided for in Paragraph C-1. It is hornbook law that handwritten terms trump form language. Nor did the Counter Offer remove the contingency. It simply left in place the stipulation that the cash component would be "by way of" a new mortgage on terms acceptable to the Lloyd-Butlers.

Even if I am wrong about this, I don't see how summary judgment can possibly be granted *for* the Lloyd-Butlers. There is no evidence that Worrall's conduct fell below the standard of care. I can't say on my own what it might be for real estate brokers in Honolulu. A "mistake" or "oversight" does not translate to negligence when Worrell testified (and everyone else involved in the transaction thought) that she had written the contingency the Lloyd-Butlers requested in Paragraph C-1.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 20 2007

by: _____
Deputy Clerk